Stephen R. Thomas, ISB No. 2326
C. Clayton Gill, ISB No. 4973
Tyler J. Anderson, ISB No. 6632
MOFFATT, THOMAS, BARRETT, ROCK &
      FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho  83701
Telephone  (208) 345-2000
Facsimile  (208) 385-5384
srt@moffatt.com
ccg@moffatt.com
tya@moffatt.com
22-054

Attorneys for Defendants Sprint Communications
Company L.P. and Sprint Corporation

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRUCKSTOP.NET, L.L.C.,<br><br>          Plaintiff,<br><br>vs.<br><br>SPRINT COMMUNICATIONS COMPANY L.P.,<br><br>          Defendant. | Civil No. 04-561-S-NRS<br>(Lead Case)<br><br>**DEFENDANT'S SUR-REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (CR 195) AND IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE SECOND AFFIDAVIT OF SCOTT MOSCRIP IN OPPOSITION TO SPRINT COMMUNICATIONS COMPANY, L.P.'S MOTION FOR SUMMARY JUDGMENT (CR 245-3)** |
| TRUCKSTOP.NET, L.L.C.,<br><br>          Plaintiff,<br><br>vs.<br><br>SPRINT CORPORATION,<br><br>          Defendant. | Civil No. 05-138-S-NRS<br>(Consolidated with 04-561) |

# TABLE OF CONTENTS

Page

I.  PROCEDURAL BACKGROUND ................................................................1

II.  INTRODUCTION...............................................................................1

III.  ARGUMENT ...................................................................................3

    A.  This Court Should Reject the August 8, 2007, Affidavit of Scott Moscrip as a Sham Affidavit. ...................................................................3

    B.  TSN Has Judicially Admitted that the STCCS Is Part of the Parties' Contract. ........................................................................................5

    C.  Sprint Will Be Seriously Prejudiced if TSN Were Allowed To Withdraw Its Judicial Admissions After the Close of Fact Discovery and After Sprint Has Incurred over $1 Million in Defense Costs...................................7

    D.  TSN Undisputedly Ratified the STCCS as Part of the Contract.....................10

    E.  By Order of the Court, Sprint Was Only Allowed To Bring One Motion for Summary Judgment, Thus Sprint Was Not Tardy in Moving for Summary Judgment on June 5, 2007, the Court Ordered Deadline To File Dispositive Motions. ..........................................................................13

    F.  There Is No Genuine Issue of Material Fact Regarding the Issue of Whether the STCCS Was Incorporated by Reference into the CSA.............14

IV.  CONCLUSION ................................................................................17

BOI_MT2:663042.2

## TABLE OF CASES AND AUTHORITIES

**Page**

**Cases**

*Aero Consulting Corp. v. Cessna Aircraft Co.*,
867 F. Supp. 1480 (D. Kan. 1994) ........................................................................... 16

*Am. Title Ins. Co. v. Lacelaw Corp.*,
861 F.2d 224 (9th Cir. 1988) ..................................................................................... 8

*Edwards v. Phillips Petroleum Co.*,
187 Kan. 656, 360 P.2d 23 (1961) ........................................................................... 15

*Flight Concepts Ltd. v. Boeing Co.*,
38 F.3d 1152 (10th Cir. 1994) ................................................................................. 16

*Jack Richards Aircraft Sales, Inc. v. J.C. Vaughn*,
203 Kan. 967, 457 P.2d 691 (1969) ......................................................................... 15

*Kennedy v. Allied Mut. Ins. Co.*,
952 F.2d 262 (9th Cir. 1991) ..................................................................................... 5

*Lockwood v. Wolf Corp.*,
629 F.2d 603 (9th Cir. 1980) ................................................................................... 13

*Manning v. Twin Falls Clinic & Hosp., Inc.*,
122 Idaho 47, 830 P.2d 1185 (1992) ....................................................................... 13

*O.V. Marketing Assoc., Inc. v. Carter*,
1991 WL 42290, * 4 (D. Kan. 1991) .................................................................... 7, 11

*Ramada Franchise Sys., Inc. v. Tresprop, Ltd.*,
188 F.R.D. 610 (D. Kan. 1999) ............................................................................... 15

*Ting v. AT&T*,
319 F.3d 1126 (9th Cir. 2003) ................................................................................. 16

*Vanier v. Ponsoldt*,
251 Kan. 88, 833 P.2d 949 (1992) ........................................................................... 13

**Statutes**

FED. R. CIV. P. 11 ..................................................................................................... 10

**Miscellaneous**

32A C.J.S. EVIDENCE § 979 ...................................................................................... 15

BOI_MT2:663042.2

## I.  PROCEDURAL BACKGROUND

On August 13, 2007, this Court granted plaintiff Truckstop.net, L.L.C.'s ("TSN")

Motion for Leave to File Sur-Reply in Opposition to Sprint Communications' Motion for

Summary Judgment (CR 245).  In so doing, this Court also granted defendant Sprint

Communications Company L.P. ("Sprint") the right to respond.  Pursuant to this Court's

August 13, 2007, order, Sprint hereby submits this memorandum in response to TSN's Sur-

Reply (CR 245-2).  This memorandum is also filed in support of Sprint's Motion to Strike

Second Affidavit of Scott Moscrip in Opposition to Sprint Communications Company, L.P.'s

Motion for Summary Judgment (CR 245-3) that was filed with TSN's Sur-Reply.

## II.  INTRODUCTION

TSN judicially admitted that the Standard Terms and Conditions for

Communication Services document ("STCCS") was part of the parties' contract and enforceable.

TSN did so by repeatedly representing to the Court that the STCCS was part of the parties'

contract and enforceable.  TSN's judicial admissions that the STCCS was part of the parties'

contract  relieved Sprint of the obligation to prove that the STCCS was part of the parties'

contract.  Further, given TSN's judicial admissions, the only remaining issue is whether

section 12.2 of the STCCS, which precludes either party from recovering consequential

damages, is enforceable.  In its opening memorandum filed on June 5, 2007 (CR 195-3), Sprint

set forth its legal argument as to why section 12.2 of the STCCS was enforceable.  CR 195-3

at 5-9.

**DEFENDANT'S SUR-REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT (CR 195) AND IN SUPPORT OF DEFENDANT'S MOTION
TO STRIKE SECOND AFFIDAVIT OF SCOTT MOSCRIP IN OPPOSITION TO
SPRINT COMMUNICATIONS COMPANY, L.P.'S MOTION FOR SUMMARY
JUDGMENT (CR 245-3) - 1**

TSN did not respond to Sprint's motion for summary judgment on grounds that section 12.2 was unenforceable.  CR 218.  Rather, TSN attempted unsuccessfully to retreat from its prior judicial admissions that the STCCS was part of the contract.  TSN did so by submitting a July 3, 2007, affidavit of TSN President Scott Moscrip, who claimed that TSN never received the STCCS until October 2004.  CR 216-1 ¶¶ 15 and 18.  In reply, Sprint proved Moscrip wrong, establishing that TSN President Scott Moscrip actually received two prior versions of the STCCS—both containing the identical section 12.2 that precluded either party from recovering consequential damages—in April 2003, at least two months before TSN and Sprint executed the CSA.  Sprint also established in its reply pleadings that the two prior versions of the STCCS were attachments to the April 1, 2003, e-mail that TSN President Moscrip attached as Exhibit A to his July 3, 2007, affidavit, which Moscrip represented under oath in his affidavit to be a true and correct copy of an e-mail between him and Sprint "that contain[s] as attachments various drafts of the CSA [Custom Service Agreement]."  *Id.* ¶ 6.  In his most recent "surreply" filing, TSN President Moscrip now attempts to retreat from his July 3, 2007, affidavit by proclaiming that the two prior versions of the STCCS he received on April 1, 2003, have nothing to do with the CSA.  CR 245-3 ¶ 3.

This Court should not allow TSN to disavow prior judicial admissions by filing last minute sham affidavits in a futile attempt to create a genuine issue of material fact.  Simply put, there are no genuine issues of material fact because (1) TSN has repeatedly admitted and/or ratified that the STCCS is part of the parties' contract and (2) TSN does not refute Sprint's argument that section 12.2 is enforceable.  For these reasons, Sprint is entitled to a summary

**DEFENDANT'S SUR-REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (CR 195) AND IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE SECOND AFFIDAVIT OF SCOTT MOSCRIP IN OPPOSITION TO SPRINT COMMUNICATIONS COMPANY, L.P.'S MOTION FOR SUMMARY JUDGMENT (CR 245-3) - 2**

judgment that precludes TSN from recovering consequential damages for any of its claims asserted against Sprint.[1]

## III.    ARGUMENT

### A.    This Court Should Reject the August 8, 2007, Affidavit of Scott Moscrip as a Sham Affidavit.

On November 13, 2004, Scott Moscrip signed an affidavit under oath that proclaimed, "[a] copy of the contract, as amended several times, is attached as Exhibit A." *See* Affidavit of Scott Moscrip (CR 5 ¶ 2 and Ex. A). The STCCS was included within Exhibit A to Mr. Moscrip's November 13, 2004, affidavit. *Id.* Then, on July 3, 2007, Mr. Moscrip attempted to renege on his prior affidavit, proclaiming for the first time he did not receive the STCCS until October or November of 2004, and further proclaiming that the STCCS was *not* part of the parties' contract, even though he testified in his earlier November 13, 2004, affidavit that it *was* part of the contract. *See* Affidavit of Scott Moscrip in Opposition to Sprint Communications Company, L.P.'s Motion for Summary Judgment (CR 216) ¶¶ 17 and 20.

> At some point in October or November of 2004, I received from Sprint the new document entitled 'Standard Terms And Conditions For Communication Services' ('STCCS'). I had never seen nor received this document before, nor had I ever previously discussed its existence or contents with Jorge Garcia or anyone else at Sprint.

---

[1] Sprint asserts as alternative grounds for summary judgment: (1) TSN has ratified the STCCS as part of the parties' contract; (2) TSN is estopped from denying the STCCS as part of the parties' agreement; (3) TSN has failed to submit admissible evidence to refute Sprint's argument that the STCCS was incorporated by reference into the CSA; (4) the UCC applies and precludes TSN from recovering consequential damages because it did not try to mitigate its damages; and (5) the only evidence TSN submits in support of its claims for consequential damages—i.e., the testimony of its expert Carlyn Taylor—is speculative and, therefore, inadmissible.

**DEFENDANT'S SUR-REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (CR 195) AND IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE SECOND AFFIDAVIT OF SCOTT MOSCRIP IN OPPOSITION TO SPRINT COMMUNICATIONS COMPANY, L.P.'S MOTION FOR SUMMARY JUDGMENT (CR 245-3) - 3**

\*       \*       \*

> I am aware that certain TSN pleadings and affidavits that have
> been filed in this case refer to 'the contract' and in various places
> the contract documents are attached, including not only the CSA
> but also the STCCS document which I first received in October
> 2004.  Any such references to 'the contract' in my affidavit or in
> pleadings referencing that affidavit are meant to convey the entire
> package of documents that Sprint represented to me to be the
> complete 'contract' between the parties at or near the time of my
> notification to Sprint of material breach.

*Id*.  In the same July 3, 2007, affidavit, Mr. Moscrip testified under oath that, "[a]ttached hereto

as Exhibits A-F are true and correct copies of emails between me and Sprint ***that contain as***

***attachments various drafts of the CSA [Custom Service Agreement]*** that we were exchanging."

*Id*. ¶ 6. (emphasis added).  Sprint then filed a response, showing that the attachment to Exhibit A

to Mr. Moscrip's July 3, 2007, affidavit (an April 1, 2003, e-mail from Sprint to Scott Moscrip)

contained two prior versions of the STCCS with the identical section 12.2 that precludes either

party from recovering consequential damages.

TSN now responds in its sur-reply with a *third* affidavit of Scott Moscrip.  *See*

Second Affidavit of Scott Moscrip in Opposition to Sprint Communications Company, L.P.'s

Motion for Summary Judgment (CR 245-3).  Mr. Moscrip admits in his third affidavit that the

attachment to Sprint's April 1, 2003, e-mail (Ex. A Moscrip's 7/3/07 affidavit--CR 216) contains

two prior versions of the STCCS with the identical section 12.2 that precludes either party from

recovering consequential damages.  CR 245-3 at ¶¶ 2-3.  However, Mr. Moscrip attempts to

retreat from his statement in his July 3, 2007, affidavit that "[a]ttached hereto as Exhibits A-F are

true and correct copies of emails between me and Sprint that contain as attachments various

**DEFENDANT'S SUR-REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT (CR 195) AND IN SUPPORT OF DEFENDANT'S MOTION
TO STRIKE SECOND AFFIDAVIT OF SCOTT MOSCRIP IN OPPOSITION TO
SPRINT COMMUNICATIONS COMPANY, L.P.'S MOTION FOR SUMMARY
JUDGMENT (CR 245-3) - 4**

drafts of the CSA that we were exchanging."  CR 216 ¶ 6.  Rather, Mr. Moscrip proclaims that the April 1, 2003, e-mail from Sprint really had nothing to do with the negotiations leading up to the CSA (even though he admitted in his July 3, 2007, affidavit that it did), but rather allegedly dealt with negotiations with Sprint for some separate, totally unrelated contract—the first we have heard of that new topic after 2+ years of litigation!

This Court should not tolerate Mr. Moscrip's attempts to create a question of fact by constantly changing his testimony via sham affidavits.  *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991).  Mr. Moscrip's August 8, 2007, affidavit (CR245-3) should be stricken as a sham affidavit, and the only thing the Court should accept is Mr. Moscrip's admission that he had in his possession two prior versions of the STCCS in April 2003, two months before he executed the Custom Service Agreement with Sprint.[2]

### B.  TSN Has Judicially Admitted that the STCCS Is Part of the Parties' Contract.

TSN asserts that it has never admitted that the STCCS was part of the parties' contract.  TSN argues that "TSN's prior references to the STCCS . . . merely acknowledged this document as one of the contract documents at issue in this case."  CR 245-2 at 2.  TSN's argument is utter and palpable nonsense:  TSN's prior admissions are clear and unequivocal.  *See* Complaint against Sprint Communications (TSN I, CR 1) ¶ 5 ("A copy of the contract [including STCCS], as amended four times, is attached as Exhibit A."); *See* Affidavit of Scott Moscrip

---

[2] Compare Mr. Moscrip's admission that he received the STCCS in April 2003 (CR 245-3 ¶ 3) with Mr. Moscrip's earlier statement in his 7/3/07 affidavit that he "had never seen nor received this document before [October or November 2004]."  CR 216 ¶ 17.

**DEFENDANT'S SUR-REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (CR 195) AND IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE SECOND AFFIDAVIT OF SCOTT MOSCRIP IN OPPOSITION TO SPRINT COMMUNICATIONS COMPANY, L.P.'S MOTION FOR SUMMARY JUDGMENT (CR 245-3) - 5**

(TSN I, CR 5) ¶ 2 ("A copy of the contract [including STCCS], as amended several times, is

attached as Exhibit A."); Amended Complaint (TSN I, CR 25) ¶ 5 ("A copy of the contract

[including STCCS], as amended four times, is attached as Exhibit A to the original complaint.");

Complaint against Sprint Corporation (TSN II, CR 1) ¶ 5 ("A copy of the contract [including

STCCS], as amended four times, is attached as Exhibit A to this complaint.").

Likewise, TSN asserts that "TSN has never admitted that it actually accepted the

STCCS—or any of its provisions—or that its provisions are valid and enforceable." CR 245-2

at 2. This statement is also nonsense, as TSN has unequivocally admitted to this Court that the

STCCS was part of the parties' contract and enforceable. More specifically, in *TSN II*, the parent

company Sprint Corporation sought to enforce the jury waiver provision or, alternatively, the

arbitration provision found only in paragraph 17 of the STCCS. TSN opposed Sprint

Corporation's motion, arguing that the jury waiver provision (found only in the STCCS), was

part of its contract with the subsidiary Sprint Communications and, thus, enforceable only as

between TSN and Sprint Communications.

> Finally, Sprint Corporation may not compel TSN to arbitrate.
> Again, Sprint Corporation relies upon the CSA between TSN and
> Sprint Communications to make this argument. It provides that, if
> the jury waiver is unenforceable, then arbitration is mandatory.
> CR 1, Ex. A [TSN citing to the STCCS within Ex. A to its
> Complaint]. That Sprint Corporation has no standing to assert the
> jury waiver does not make it unenforceable, however. ***The jury
> waiver is enforceable and is being enforced*** because TSN and
> Sprint Communications have stipulated to a bench trial. CR 40
> [TSN citing to parties' Stipulation to Bench Trial].

CR 130 at 11-12 (emphasis added). TSN's counsel made the same admissions during the

hearing held before Judge Boyle on May 17, 2006. Stated TSN's attorney:

**DEFENDANT'S SUR-REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT (CR 195) AND IN SUPPORT OF DEFENDANT'S MOTION
TO STRIKE SECOND AFFIDAVIT OF SCOTT MOSCRIP IN OPPOSITION TO
SPRINT COMMUNICATIONS COMPANY, L.P.'S MOTION FOR SUMMARY
JUDGMENT (CR 245-3) - 6**

Truckstop has never waived its jury right with regard to Sprint Corporation.  ***The language of the customer [sic] service agreement upon which Sprint relies [is] very clear and unambiguous***.  The parties are Sprint Communications and Truckstop.  Sprint Communications being an entirely different entity than Sprint Corporation ***but the jury waiver at Section 17.5 [of the STCCS] expressly limits it to the parties***, and, again, the parties not including Sprint Corporation ***and the contract expressly denounces any third party beneficiary to it at Section 17.3 [of the STCCS]***.

*See* Hearing Transcript, May 17, 2006, attached to the Third Affidavit of C. Clayton Gill ("3rd Gill Aff.") (CR 237-238) Ex. 5 at 54:23-55:7 (CR 237-3) (emphasis added).

Just as TSN President Moscrip should not be allowed to rescind and renege on his prior testimony by filing sham affidavits, TSN should not be allowed to play fast and loose with this Court by trying to renege on  its prior repeated unequivocal judicial admission that the STCCS is part of its contract with Sprint Communications and enforceable.[3]

C.    **Sprint Will Be Seriously Prejudiced if TSN Were Allowed To Withdraw Its Judicial Admissions After the Close of Fact Discovery and After Sprint Has Incurred over $1 Million in Defense Costs.**

If TSN were now allowed to withdraw its prior judicial admissions that the STCCS is part of the parties' contract, Sprint will be seriously prejudiced.  Before Sprint filed its motion for summary judgment on June 5, 2007, TSN repeatedly filed pleadings with this Court

---

[3] TSN makes a half-hearted argument that this Court should only bind TSN to its judicial admission of the jury waiver and no third party beneficiary clauses of the STCCS because TSN only referenced those two provisions in its prior briefing to the Court.  That argument violates fundamental black letter contract law.  A party cannot accept certain benefits of a contract and then unilaterally disavow other burdens of the contract.  *O.V. Marketing Assoc., Inc. v. Carter,* 1991 WL 42290, * 4 (D. Kan. 1991) ("A party may not pick and choose among the clauses of a contract, accepting only those positions that advantage it . . . .").  TSN's position would make every contract illusory.

**DEFENDANT'S SUR-REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (CR 195) AND IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE SECOND AFFIDAVIT OF SCOTT MOSCRIP IN OPPOSITION TO SPRINT COMMUNICATIONS COMPANY, L.P.'S MOTION FOR SUMMARY JUDGMENT (CR 245-3) - 7**

admitting that the STCCS was part of the parties' contract.  CR 236 at 1-3.  Sprint admitted the same.  Given TSN's judicial admissions, Sprint had no reason to conduct discovery on the issue of whether the STCCS was part of the parties' contract because TSN's "[j]udicial admission[] . . . [had] the effect of withdrawing [that] fact from issue and dispensing wholly with the need for proof of the fact."  *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226-27 (9th Cir. 1988).

On June 5, 2007, Sprint and TSN both filed motions for summary judgment.  In those pleadings, both TSN and Sprint submitted affidavits and declarations of counsel that attached what counsel represented to be the parties' contract.  CR 199-3 - 199-8 ¶¶ 4-8 and Exs. 3-7; CR 200-201 ¶ 4 and Ex. 2.  Therein, Sprint's attorney C. Clayton Gill and TSN's attorney Timothy P. Getzoff admitted that the STCCS was part of the parties' contract.  Getzoff Decl., CR 199-3 ¶ 6; Gill Aff., CR 200-1 ¶ 4.  TSN further admitted in its motion for summary judgment that the contract was unambiguous.  CR 198 at 2 and 199-1 at 14.

When TSN realized that its admissions entitled Sprint to summary judgment and dismissal of all of TSN's claims that seek consequential damages, TSN tried to reverse course, disavowing its admissions, claiming for the first time, after 2½ years of extensive litigation and after Sprint had incurred over $1 million in litigation costs, that the STCCS was not part of the parties' contract.  TSN also attempts to disavow its judicial admission after the close of fact discovery, precluding Sprint from conducting any discovery on the issue.  And, while Sprint is precluded from conducting any discovery on the issue, TSN asks this Court to allow it to re-notice its 30(b)(6) deposition of Sprint Communications and ask questions about whether the

**DEFENDANT'S SUR-REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (CR 195) AND IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE SECOND AFFIDAVIT OF SCOTT MOSCRIP IN OPPOSITION TO SPRINT COMMUNICATIONS COMPANY, L.P.'S MOTION FOR SUMMARY JUDGMENT (CR 245-3) - 8**

STCCS was properly incorporated by reference into the CSA.  *See* Plaintiff's Reply in Support of Alternative Motion for Continuance Under Rule 56(f) (CR 253) at 6 ("TSN's 30(b)(6) deposition of Sprint Communications directly addresses the issues raised in Sprint Communications' motion, including . . . Sprint's interpretation of the terms 'tariffed,' 'detariffed,' 'scheduled,' 'nonscheduled' as those terms may implicate the incorporation of the claimed consequential damage waiver.").

TSN is asking this Court for a classic "do-over" of its entire case, while at the same time prohibiting Sprint from doing the same.  This Court should prohibit TSN's tactic and request, on grounds of judicial admission, ratification, or estoppel.  Sprint has no interest in re-doing this case after spending over $1 million in defense costs.  There is no reason to do so in this case, especially where TSN has been represented by some of the best lawyers in the country, i.e., Jones Day and Holland & Hart.  Surely the attorneys at Jones Day and Holland & Hart—as part of their Rule 11 due diligence—explored the issue of whether the STCCS was part of the parties' contract *before* they admitted that it was in the Complaints filed in both TSN I and TSN II.  TSN I, CR 1 and 25; TSN II, CR 1.  Surely they did the same before they signed a stipulation in *TSN I* that withdrew TSN's demand for a jury trial—which TSN's counsel has admitted was precipitated by the jury waiver provision found *only* in the STCCS.  TSN I, CR 40.  Surely they did so yet again when they helped prepare the first affidavit of TSN President Scott Moscrip (TSN I, CR 5) that unequivocally states that the STCCS is part of "the contract."  Surely they did the same before they included the STCCS in a deposition exhibit TSN's counsel marked and represented as the contract between TSN and Sprint.  CR 237-1, Ex. 1 at 50:21-51:7, Ex. 2,

**DEFENDANT'S SUR-REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (CR 195) AND IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE SECOND AFFIDAVIT OF SCOTT MOSCRIP IN OPPOSITION TO SPRINT COMMUNICATIONS COMPANY, L.P.'S MOTION FOR SUMMARY JUDGMENT (CR 245-3) - 9**

and Ex. 3 at 63:16-22.  And surely they did so for a fifth time before filing TSN's motion for

summary judgment on June 5, 2007, and offered the STCCS into the record as part of the CSA.

(CR 199-2 ¶¶ 4-5).  In fact, the Federal Rules required them to do so:  "By presenting to the

court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or

other paper, an attorney or unrepresented party is certifying that to the best of the person's

knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,

-- (3) the allegations and other factual contentions have evidentiary support or, if specifically so

identified, are likely to have evidentiary support after a reasonable opportunity for further

investigation or discovery."  FED. R. CIV. P. 11(b)(3).

It is simply unjust, and far far too late,  for TSN to withdraw its admission that

Sprint has relied upon for over 2½ years.  Because TSN is bound by its admission that the

STCCS is part of the CSA and because TSN has no other argument to suggest that the

consequential damage exclusion is unenforceable, Sprint's motion for summary judgment should

be granted, whereby all of TSN's claims seeking consequential damages should be dismissed.

### D.    TSN Undisputedly Ratified the STCCS as Part of the Contract.

TSN completely ignores Sprint's argument that TSN is estopped from denying

that the STCCS is part of the parties' contract.  *See* Sprint's Reply in Support of Motion for

Summary Judgment (CR 236) at 8-11.  Presumably TSN does not attack Sprint's quasi-estoppel

and judicial estoppel arguments because they are inherent questions of law, wherein the Court

must decide whether TSN should be estopped from changing its position on the issue of whether

the STCCS was part of the parties' contract.  *Id.*  Rather, TSN focuses solely on Sprint's ratification argument, arguing "ratification is a question of fact."  *See* CR 245-2.

  While TSN summarily proclaims that it has submitted facts to rebut Sprint's ratification argument, TSN has not.  TSN does nothing to refute Sprint's argument that TSN embraced and adopted the STCCS as part of the contract.  Rather, TSN tries to distract this Court from TSN's prior admissions that the STCCS was part of the parties' contract by proclaiming that TSN never specifically adopted section 12.2 of the STCCS, i.e., the section that precludes either party from recovering consequential damages.  TSN's argument ignores basic black letter law that a party cannot pick and choose which provisions of the contract are enforceable.  *O.V. Marketing,* 1991 WL 42290, * 4 (D. Kan. 1991) ("A party may not pick and choose among the clauses of a contract, accepting only those provisions that advantage it . . . .").  To do so would make every contract illusory.

  The issue presented is whether the STCCS was part of the parties' contract, not whether the jury waiver provision found in section 17.5 is part of the contract (already admitted by TSN),  while the consequential damage exclusion found in section 12.2 is not.  TSN cannot in good conscience tell this Court that it has not previously embraced and adopted the STCCS as part of the parties' contract.  In addition to TSN adopting the STCCS in its entirety by attaching it as part of "the contract" within Exhibit A to its multiple complaints (TSN I, CR 1 and 25) (TSN II, CR 1) and the prior affidavit of Scott Moscrip (TSN I, CR 5), TSN's attorneys:

   1. Referenced section 5.1 of the STCCS as part of the parties' contract in the letter they sent to Sprint on November 11, 2004, claiming "[t]he contract between Sprint and TSN requires a minimum of ten days' notice" (TSN I, CR 1, Ex. G);

**DEFENDANT'S SUR-REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (CR 195) AND IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE SECOND AFFIDAVIT OF SCOTT MOSCRIP IN OPPOSITION TO SPRINT COMMUNICATIONS COMPANY, L.P.'S MOTION FOR SUMMARY JUDGMENT (CR 245-3) - 11**

2.      Cited to section 17.5 of the STCCS in support of its proposition that "Kansas law applies to disputes arising under the Custom Service Agreement between TSN and Sprint" (TSN I, CR 4 at 6);

3.      Cited to section 17.3 of the STCCS when asserting that Sprint Corporation was not a third party beneficiary of the contract between TSN and Sprint (TSN II, CR 56 at 2-3);

4.      Marked as a deposition exhibit a document that includes the STCCS and represented to Sprint's witness that the document was "the contract" between TSN and Sprint (CR 237-1, Ex. 1 at 50:21-51:7, Ex. 2, and Ex. 3 at 63:16-22); and

5.      Admitted that it entered into the stipulation for a bench trial in TSN I because the jury waiver provision of section 17.5 of the STCCS was enforceable (CR 130 at 12 and 237-38, Ex. 5 at 55:9-14).

TSN ignores facts 1-4 above even though Sprint raised them in its prior briefing (CR 236 at 4-8).

TSN tries to deny the fifth fact but cannot because it has twice admitted to this Court that it

entered into the stipulation for a bench trial in TSN I (CR 40) because of Section 17.5 of the

STCCS.  *See* TSN's Response to Sprint Communication Company, L.P.'s Objections to

Magistrate Judge's June 21, 2006, Order (CR 130) at 12 ("The jury waiver is enforceable and is

being enforced because TSN and Sprint Communications have stipulated to a bench trial");

Hearing Transcript, May 17, 2006, attached to 3rd Gill Aff. (CR 237-238) Ex. 5 at 55:9-14

("[TSN] stipulated in the other case that it would comply with the customer [sic] service

agreement jury trial waiver with regards to Sprint Communications . . .").  Compare those

admissions made by TSN before Sprint filed its motion for summary judgment, with TSN's

recent statement in its sur-reply that "TSN never 'admitted' Sprint's alleged jury trial waiver."

CR 245-2 at 4.

**DEFENDANT'S SUR-REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (CR 195) AND IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE SECOND AFFIDAVIT OF SCOTT MOSCRIP IN OPPOSITION TO SPRINT COMMUNICATIONS COMPANY, L.P.'S MOTION FOR SUMMARY JUDGMENT (CR 245-3) - 12**

Because the facts supporting Sprint's ratification argument are not in dispute, the only remaining question is a legal question of whether ratification applies.  In this action, ratification applies as a matter of law because TSN did not immediately disavow the STCCS as part of the parties' contract.  Rather, TSN did just the opposite by embracing it and asserting it was part of the parties' contract, seeking to benefit thereby.  Given these unrefuted facts, ratification applies as a matter of law.  *Vanier v. Ponsoldt*, 251 Kan. 88, 106, 833 P.2d 949, 962 (1992) ("Ratification is established by the purchaser accepting the benefits of the contract or 'by a failure to act promptly to repudiate the transaction.'"); *Manning v. Twin Falls Clinic & Hosp., Inc.*, 122 Idaho 47, 55, 830 P.2d 1185, 1193 (1992) (" . . . ratification may also be implied if the principal, with full knowledge of the material facts, receives, accepts and retains benefits from the contract; remains silent, acquiesces in or fails to repudiate or disaffirm the contract; or otherwise exhibits conduct demonstrating an adoption and recognition of the agent's act as binding."); *Lockwood v. Wolf Corp.*, 629 F.2d 603, 609 (9th Cir. 1980) (affirming summary judgment on issue of ratification because facts were not in dispute).

**E.**   **By Order of the Court, Sprint Was Only Allowed To Bring One Motion for Summary Judgment, Thus Sprint Was Not Tardy in Moving for Summary Judgment on June 5, 2007, the Court Ordered Deadline To File Dispositive Motions.**

TSN tries to make much to do about Sprint not moving for summary judgment on TSN's claim for consequential damages before Sprint filed its motion on June 5, 2007.  However, this court's initial Case Management Order provides:  "[i]t is this Court's policy to accept only one (1) motion to dismiss and one summary judgment motion per party."  CR 35 at 1, n.1.  Thus, had Sprint moved for summary judgment on TSN's claims for consequential

**DEFENDANT'S SUR-REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (CR 195) AND IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE SECOND AFFIDAVIT OF SCOTT MOSCRIP IN OPPOSITION TO SPRINT COMMUNICATIONS COMPANY, L.P.'S MOTION FOR SUMMARY JUDGMENT (CR 245-3) - 13**

damages after Carlyn Taylor's September 7, 2006, deposition, wherein she admitted that she was

only calculating TSN's alleged lost profit consequential damages, Sprint would have been

obligated to move for summary judgment on all other available grounds while fact discovery was

still continuing.  Like almost every other attorney does, Sprint chose to wait until the close of

fact discovery to bring one motion for summary judgment on all available grounds, as the Court

directed Sprint to do at the outset of this case.  Sprint timely filed its motion on June 5, 2007,

thereby complying with the Order of this Court.  CR 195-1.  Therefore, this Court should not

waste its time with TSN's absurd suggestion that Sprint was tardy in raising the issue of whether

section 12.2 bars TSN's claims for consequential damages.  TSN should have been on notice of

Sprint's intent to do so as early as November 15, 2004, when TSN initiated this action and

attached the STCCS within Exhibit A to its Complaint, identifying it as part of "the contract."

      **F.**    **There Is No Genuine Issue of Material Fact Regarding the Issue of Whether the STCCS Was Incorporated by Reference into the CSA.**

          Even if the Court does not bind TSN to its multiple prior admissions that the

STCCS is part of the parties' contract, Sprint is still entitled to summary judgment because TSN

has not refuted Sprint's evidence that the STCCS was incorporated by reference.  The CSA states

at page 4 of 14—"For each nonscheduled, non-tariffed Service purchased under this Agreement,

Customer must comply with Sprint's Standard Terms and Conditions for Communications

Services and the relevant product specific annex, which are all incorporated into this Agreement

by reference."  Gill Aff. (CR 200-201) Ex. 2 – CSA, p. 4 of 14 (CR 200-3).  TSN tries to ignore

this language and Sprint's argument that if TSN thought the incorporation by reference provision

did not apply, TSN should have crossed that language out of the contract and initialed its strike

**DEFENDANT'S SUR-REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (CR 195) AND IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE SECOND AFFIDAVIT OF SCOTT MOSCRIP IN OPPOSITION TO SPRINT COMMUNICATIONS COMPANY, L.P.'S MOTION FOR SUMMARY JUDGMENT (CR 245-3) - 14**

out, which TSN did not do. Rather, TSN focuses on the integration clause and in doing so,

completely ignores the last five words of the integration clause, which again informed TSN that

any document incorporated by reference was part of the contract.

> When signed by the parties, this SOW and the Agreement will constitute the parties' entire understanding regarding the specific services described in this SOW and will supersede all agreements or discussions, oral or written, regarding services, unless explicitly stated in this SOW *or referenced in the Agreement*.

Gill Aff. (CR 200-201) Ex. 2. – CSA, p. 11 of 14 (CR 200-3) (emphasis added).[4]

---

[4] Sprint denies TSN's assertions that "Sprint expressly represented to TSN that no other documents were part of the parties' agreement." CR 245-2 at 6. But even if for summary judgment purposes this Court accepted TSN's assertion as true, it is an irrelevant fact because the unambiguous terms of the contract incorporate by reference the STCCS and the integration clause prevents TSN from offering evidence of the parties' negotiations to alter or vary the terms of the written agreement. *Ramada Franchise Sys., Inc. v. Tresprop, Ltd*., 188 F.R.D. 610, 613 (D. Kan. 1999) ("Under the parol evidence rule, a party may not rely on evidence of prior or contemporaneous verbal statement to contradict the terms of a written agreement."). TSN tries to get around this problem by asserting a new fraudulent inducement claim. There are several problems with TSN's newly asserted fraudulent inducement claim. First, TSN has never pled that claim (*see* TSN's Amended Complaint, CR 25) nor has TSN moved to amend its complaint to assert such a claim. Even if TSN did move to amend its complaint, that motion would be futile as it is far too late for TSN to amend its pleadings (CR 35 at 2, imposing April 12, 2005, deadline to amend pleadings), especially when TSN President Moscrip asserts in his most recently filed affidavits that he was aware of the facts supporting such a claim as early as October of 2004. CR 216 at ¶¶ 15 and 18. Finally, the fraud exception to the parol evidence rule does not apply when the alleged fraud concerns a promise or representation directly at variance with terms of the written agreement. *Ramada Franchise Sys.,* at 188 F.R.D. at 614 (emphasis added) ("In order for evidence to be admissible under the fraud exception, the evidence must tend to establish some independent fact or representation, some fraud in the procurement of the instrument, or some breach of confidence concerning its use, *and not a promise directly at variance with the promise of the writing*."); *Edwards v. Phillips Petroleum Co.*, 187 Kan. 656, 660, 360 P.2d 23, 27 (1961) ("[w]here, however, the written contract, to the promisee's knowledge, reveals the falsity of the oral promise, the promisee cannot invoke rule that fraud may be predicated on a promise made without the intention of performance"); *Jack Richards Aircraft Sales, Inc. v. J.C. Vaughn*, 203 Kan. 967, 974, 457 P.2d 691, 696 (1969) (quoting 32A C.J.S. EVIDENCE § 979, p. 473) ("parol evidence is inadmissible when the alleged fraud concerns

**DEFENDANT'S SUR-REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (CR 195) AND IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE SECOND AFFIDAVIT OF SCOTT MOSCRIP IN OPPOSITION TO SPRINT COMMUNICATIONS COMPANY, L.P.'S MOTION FOR SUMMARY JUDGMENT (CR 245-3) - 15**

This Court should not excuse TSN's president Moscrip's neglect to ask for the STCCS before he signed the CSA or his neglect to read the earlier versions of the STCCS—with the identical section 12.2 exclusion of consequential damages—that Sprint provided to him before he executed the CSA. *Aero Consulting Corp. v. Cessna Aircraft Co.*, 867 F. Supp. 1480, 1489 (D. Kan. 1994) (citations omitted) ("This ruling was in accord with the general rule that it is the duty of every contracting party to learn and know the contents of a contract before signing it. If Revision A in fact were not attached to the change order provided to Mr. Morales, he had a duty to find out what it contained before he signed a provision making it a part of the contract.").

TSN's other arguments that (1) the terms "nonscheduled" and "non-tariffed" are ambiguous and (2) there is a genuine issue of material fact as to whether the Sprint offerings sold under the CSA were "nonscheduled" or "non-tariffed," are also without merit. As pointed out by Sprint in its prior briefing, "scheduled" and "tariffed" are well defined legal terms that apply by operation of law to common carriers such as Sprint. CR 236 at 11-12 (citing 47 C.F.R. Section 61.3(rr) -- defining "tariff" as "Schedules of rates and regulations filed by common carriers" and *Ting v. AT&T*, 319 F.3d 1126, 1130 (9th Cir. 2003) - "the Federal Communications Act . . . required telecommunications carriers to file with the Federal Communications Commission . . . a list of tariffs, or 'schedules,'. . . .").

---

a promise or representation directly at variance with the terms of the written instrument"); *Flight Concepts Ltd. v. Boeing Co.*, 38 F.3d 1152, 1157 (10th Cir. 1994) ("Where the written contract directly contradicts the oral promises made during contract negotiations, the oral promise cannot be construed as fraudulent.").

**DEFENDANT'S SUR-REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (CR 195) AND IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE SECOND AFFIDAVIT OF SCOTT MOSCRIP IN OPPOSITION TO SPRINT COMMUNICATIONS COMPANY, L.P.'S MOTION FOR SUMMARY JUDGMENT (CR 245-3) - 16**

BOI_MT2:663042.2

In this case, TSN complains only about the WiFi hotspots installed by Sprint. *See* Plaintiff's Brief in Opposition to Sprint Communications' Motion for Summary Judgment (CR 218) at 28 ("TSN makes no claim that Sprint failed to provide adequate circuit service."). It is undisputed that WiFi is unregulated by the FCC. *See* Sprint's Statement of Undisputed Facts in Support of Motion for Summary Judgment by Sprint Communications Company L.P. (CR 195-2) ¶ 6.[5] Because WiFi is unregulated by the FCC, there can be no dispute that Sprint's offering for WiFi hotspot installations was "nonscheduled" and "non-tariffed."

Because the terms "nonscheduled" and "non-tariffed" are unambiguous, because it is undisputed that the WiFi hotspot installations were nonscheduled and non-tariffed, there is no genuine issue of material fact—the STCCS applied to Sprint's installation of the WiFi hotspots, the only Sprint offering at issue in this action. *See* Gill Aff. (CR 200-201) Ex. 2 - CSA at p. 4 of 14 (emphasis added) ("For ***each*** nonscheduled, non-tariffed Service purchased under this Agreement, Customer must comply with Sprint's Standard Terms and Conditions for Communications Services and the relevant product specific annex, which are all incorporated into this Agreement by this reference.").

## IV.    CONCLUSION

From the time Mr. Moscrip began dealing with Sprint, he agreed that consequential damages were off the table (CR 237-238 Ex. 11, Mutual Nondisclosure Agreement

---

[5] While not pertinent to the motion for summary judgment, the Domestic Dedicated IP Service (T-1 backhaul circuits) were also "nonscheduled" and "non-tariffed." *See* Declaration of Laurie A. Putthoff, ¶ 9 (CR 236-2 - 236-4). TSN has not come forward with any evidence to rebut Ms. Putthoff's testimony.

**DEFENDANT'S SUR-REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (CR 195) AND IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE SECOND AFFIDAVIT OF SCOTT MOSCRIP IN OPPOSITION TO SPRINT COMMUNICATIONS COMPANY, L.P.'S MOTION FOR SUMMARY JUDGMENT (CR 245-3) - 17**

(CR 238-1)), a common business principle which Mr. Moscrip perpetuated in nearly every contract TSN entered into with other vendors (CR 200-201 Exs. 4-6 and 90 (CR 200-7 and 201-5); CR 237-238 Exs. 12-22 (CR 238-3 - 238-6)), as well as with the contracts between TSN and its own end user customers (CR 200-201 Ex. 7 CR 200-7)).  For these  reasons and the reasons articulated by Sprint in its prior pleadings, TSN has failed to create a genuine issue of material fact such that all of TSN's claims for consequential damages should be dismissed (on all counts) along with all of TSN's tort claims (claims 2-7 of TSN's First Amended Complaint).

DATED this ___27___ day of August, 2007.

MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED

By_____
Stephen R. Thomas – Of the Firm

By_____
C. Clayton Gill – Of the Firm
Attorneys for Defendants Sprint
Communications Company L.P. and
Sprint Corporation

**DEFENDANT'S SUR-REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (CR 195) AND IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE SECOND AFFIDAVIT OF SCOTT MOSCRIP IN OPPOSITION TO SPRINT COMMUNICATIONS COMPANY, L.P.'S MOTION FOR SUMMARY JUDGMENT (CR 245-3) - 18**

BOI_MT2:663042.2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___27th___ day of August, 2007, I caused a true and correct copy of the foregoing **DEFENDANT'S SUR-REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (CR 195) AND IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE SECOND AFFIDAVIT OF SCOTT MOSCRIP IN OPPOSITION TO SPRINT COMMUNICATIONS COMPANY, L.P.'S MOTION FOR SUMMARY JUDGMENT (CR 245-3)** to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

Steven B. Andersen
Amanda K. Brailsford
HOLLAND & HART, L.L.P.
101 South Capitol Boulevard, Suite 1400
Post Office Box 2527
Boise, Idaho  83701-2527

Timothy P. Getzoff
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, Colorado  80302

_____
Stephen R. Thomas

**DEFENDANT'S SUR-REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (CR 195) AND IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE SECOND AFFIDAVIT OF SCOTT MOSCRIP IN OPPOSITION TO SPRINT COMMUNICATIONS COMPANY, L.P.'S MOTION FOR SUMMARY JUDGMENT (CR 245-3) - 19**

BOI_MT2:663042.2