IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TRUCKSTOP.NET, L.L.C. | ) | Case No. CV-04-561-S-NRS |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| | | **DECISION** |
| | ) | **AND ORDER** |
| v. | ) | |
| | ) | |
| SPRINT COMMUNICATIONS | ) | |
| COMPANY, L.P., | ) | |
| | ) | |
| Defendant. | ) | |
| _____) | | |
| TRUCKSTOP.NET, L.L.C. | ) | |
| | ) | Case No. CV-05-138-S-NRS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SPRINT CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____) | | |

## Introduction

Currently pending before the Court are Sprint's Motion for

Certification for Appeal Pursuant to 28 § 1292(b) (Docket No. 156)

**MEMORANDUM  DECISION AND ORDER** – 1

brought by Sprint Communications L.P. (hereinafter referred to as Sprint), Plaintiff's Motion to Determine Privilege and to Compel Production of Documents and Depositions (Docket No. 160), Sprint's Motion for Protective Order Re: Plaintiff TSN's Rule 30(b)(6) Deposition Notices to Sprint (Docket No. 172) brought by Sprint and Sprint Corporation (hereinafter jointly referred to as the Sprint Defendants), Plaintiff's Motion for Enlargement of Time to Complete Fact Discovery Relating to Pending Motions and Appeal (Docket No. 173), the Motion to Compel Return of Inadvertently Produced Documents (Docket No. 175) brought by the Sprint Defendants, Defendant's Motion for Stay or Alternative Motion for Protective Order Regarding Continuation of Neal Deposition Pending Appeal (Docket No. 192) brought by Sprint, and Plaintiff's Motion for Leave to File Sur-Reply in Opposition to the Motion for Summary Judgment (Docket No. 245).

Pursuant to discussions between the parties and the Court at the

**MEMORANDUM  DECISION AND ORDER** – 2

August 13, 2007 hearing, the Court has determined that other

motions (Docket Nos. 212, 213, 215, 230, and 234) are not fully

submitted to the Court for decision.

## Discussion

Having reviewed the record and heard argument on August 13,

2007 regarding the motions before the Court, the Court now rules as

follows:

## I.  Docket No. 156

Sprint's Motion for Certification for Appeal Pursuant to 28 § 1292(b) is

denied.  A party may obtain a certificate of appealability under 28 U.S.C. §

1292(b) only:

> When a district judge, in making in a civil action an order not
> otherwise appealable under this section, shall be of the opinion that
> such order involves a controlling question of law as to which there is
> substantial ground for difference of opinion and that an immediate
> appeal from the order may materially advance the ultimate termination
> of the litigation, he shall so state in writing in such order....

28 U.S.C. § 1292(b).

Further, following Ninth Circuit precedent, "[s]ection 1292 is a departure

**MEMORANDUM  DECISION AND ORDER** – **3**

from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).

Applying the above law to this Motion, the Court finds that Judge Winmill (in issuing the interlocutory order Sprint now seeks to appeal) did not follow the specific form of certification required of the district court in the statute. He did not state in the order that (1) he believed that the decision involved a controlling question of law or (2) that an immediate appeal would materially advance the ultimate termination of the litigation. Therefore, Sprint may not appeal this interlocutory order.

Sprint may argue that it brings this Motion to request this Court to amend Judge Winmill's decision to allow the appeal. However, this Court also will not grant the Motion. Judge Winmill's decision did not involve a controlling question of law as to which there is substantial ground for difference of opinion.

The procedural history of this case has been outlined in this Court's prior decisions. Plaintiff first brought claims against Sprint for breach of contract, negligence, and negligent representation. Plaintiff then amended to include claims for fraud, business defamation, and tortious interference with business relationships and prospective economic advantage. Sprint counterclaimed for breach of contract

**MEMORANDUM  DECISION AND ORDER** – 4

and unjust enrichment.  Plaintiff then brought a claim against Sprint Corporation for tortious interference of contract.  Whether Sprint should now be allowed to amend its pleading and seek claims against the Plaintiff's owners (nonparties to this litigation) is not a controlling question of law for recovery of any of these claims between the parties to this lawsuit.

Further, even as to the potential claims against the Plaintiff's owners, the Court cannot determine (from this record) that there is a substantial difference of opinion as to Delaware law regarding piercing the veil to sue the owners of a limited liability company.  In its briefs, Sprint has articulated its disagreement with the Court's analysis of Sprint's pleading to sue third parties.  However, on this record, this Court cannot determine the substantial difference of opinion on a question of law that would justify allowing an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

The Court also concludes that allowing Sprint's amendment to sue third parties would not "materially advance the ultimate termination of the litigation" as is required by 28 U.S.C. § 1292(b).  Indeed, the reverse is true.

As the Court's January 12, 2007 Memorandum Decision and Order stated:

The Court required that any motions to amend or join parties be filed on or before April 12, 2005.  The Court's Order noted that this date preceded the discovery deadline of September 12, 2005, and so

**MEMORANDUM  DECISION AND ORDER** – 5

directed the parties "to send out all discovery requests that might relate to amendment or joinder enough in advance of this amendment and joinder deadline to obtain the response needed to  make an informed decision on amendment or joinder.

On June 2, 2006, more than a year after this deadline had expired, Sprint filed a motion to amend its counterclaim to add claims against the following entities and individuals: ...

(04-561, Docket No. 147 at 2.)

To add parties more than one year after this Court's express deadline for joinder would not materially advance the ultimate resolution of the case.

Further, the record shows that Sprint knew of information concerning the conduct of these third parties (which would allegedly allow Sprint to bring a claim against them) long before it sought to add them.  The Court is therefore reluctant to add them now, long after the deadline.  Adding them would certainly have the effect of starting the discovery process anew and further delaying trial in a matter that is already nearly three years old.  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387-88 (9th Cir. 1990) (recognizing additional discovery and undue delay as factors justifying denial of motion to amend).

## II.  Docket Nos. 160 and 175

Because these two Motions generally address the same issues, the Court will discuss them together.

**MEMORANDUM  DECISION AND ORDER** – 6

Both Motions generally deal with the discovery of materials subject to the attorney-client privilege and materials subject to the work product doctrine.

## A.

## <u>ATTORNEY CLIENT PRIVILEGE</u>

In prior decisions, the Court has outlined the law applicable to these decisions. Questions of privilege are controlled by state law. Rule 501 of the Federal Rules of Evidence states:

> However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determine in accordance with State law.

Federal R. Evid. 501.

In a July 28, 2005 Memorandum Decision and Order at page 17 (05-138, Docket 29), the Court determined that Idaho law should apply to questions of privilege, using the approaches outlined in Ninth Circuit precedent.  (*See* 05-138, Docket No. 29 at 17, *citing*, *KL Group v. Case, Kay & Lynch*, 829 F.2d 9098, 918 (9th Cir. 1987).)

Under Idaho law, the burden of establishing the privileged character of communications rests on the party wishing to withhold a document as privileged. *Kirk v. Ford Motor Co.,* 141 Idaho 697, 704, 116 P.3d 27, 34 (2005).  However, for

**MEMORANDUM  DECISION AND ORDER** – 7

the attorney-client privilege to apply, the communication must be (1) confidential within the meaning of the rule, (2) made between persons described in the rule, and (3) for the purpose of facilitating the rendition of professional legal services to the client.  Idaho R. Evid. 502(b); *State v. Allen*, 123 Idaho 880, 885-86, 853 P.2d 625, 630-31 (Ct. App. 1993), *overruled on other grounds by State v. Jones*, 127 Idaho 478, 903 P.2d 67 (1995) and *State v. Gomez*, 126 Idaho 83, 878 P.2d 782 (1994).

The rule describing the attorney-client privilege is Rule 502 of the Idaho Rules of Evidence.  It states, in pertinent part:

(a) Definitions. As used in this rule:
(1) Client. A "client" is a person, public officer, or corporation, association, or other organization or entity, either public or private, who is rendered professional legal services by a lawyer, or who consults a lawyer with a view to obtaining professional legal services from the lawyer.
(2) Representative of the client. A "representative of the client" is one having authority to obtain professional legal services, or an employee of the client who is authorized to communicate information obtained in the course of employment to the attorney of the client.
(3) Lawyer. A "lawyer" is a person authorized, or reasonably believed by the client to be authorized, to engage in the practice of law in any state or nation.
(4) Representative of the lawyer. A "representative of the lawyer" is one employed by the lawyer to assist the lawyer in the rendition of professional legal service.
(5) Confidential communication. A communication is "confidential" if not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication.

**MEMORANDUM  DECISION AND ORDER** – 8

> (b) General rule of privilege. A client has the privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client which were made (1) between the client or the client's representative and the client's lawyer or the lawyer's representative, (2) between the client's lawyer and the lawyer's representative, (3) among clients, their representatives, their lawyers, or their lawyer's representatives, in any combination, concerning a matter of common interest, but not including communications solely among clients or their representatives when no lawyer is a party to the communication, (4) between representatives of the client or between the client and a representative of the client, or (5) among lawyers and their representatives representing the same client.

Idaho R. Evid. 502.

However, the privilege "only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn Co. v. U.S.*, 449 U.S. 383, 395-396 (1981). Therefore, while the client may refuse to disclose what relevant facts he gave to the attorney, he may not fail to disclose the facts themselves.

The privilege may also be waived. Rule 510 of the Idaho Rules of Evidence states:

> A person upon whom these rules confer a privilege against disclosure of the confidential matter or communication waives the privilege if the person or the person's predecessor while holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the matter or communication. This rule does not apply if the disclosure is itself a privileged communication.

**MEMORANDUM  DECISION AND ORDER – 9**

Idaho R. Evid. 510.

This Court has ruled that a representative of the client, capable of waiving the privilege, could be an employee outside of the management group and/or an employee at all levels in the company.  (05-138, Docket No. 29, July 28, 2005 Memorandum Decision and Order at 19-21.)

This Court has also ruled that inadvertent disclosure of an otherwise privileged document during discovery constitutes a voluntary disclosure or consent to disclosure of the communication, causing the privilege to be waived. (04-561, Docket No. 116, June 21, 2006 Memorandum Decision and Order at 9-15) (recognizing possibility of waiver but concluding that Sprint had not waived privileged by inadvertently disclosing Neal e-mail); (04-561, Docket No. 146, January 8, 2007 Memorandum Decision and Order) (affirming Magistrate Judge Boyle's order).

To determine whether a disclosure is an inadvertent disclosure,  Magistrate Judge Boyle used a five-factor approach: (1) the reasonableness of the precautions taken to prevent disclosure, (2) the amount of time taken to remedy the error, (3) the scope of discovery, (4) the extent of disclosure, and (5) the overriding issue of fairness. (04-561, Docket No. 116, June 21, 2006 Memorandum Decision and Order at 9-15.)

**MEMORANDUM  DECISION AND ORDER – 10**

Lastly, the Court addresses the law relating to subject matter waiver.  The Court finds no Idaho precedent as to this issue.  The Ninth Circuit has addressed this issue in two cases.  The Court adopts Ninth Circuit precedent as Idaho law in making its determination as to the subject matter waiver issue.

In *Weil*, the Circuit found that a party could waive the attorney client privilege as to a subject matter and that such waiver could occur inadvertently, when it said:

> Accordingly, it has been widely held that the voluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject matter.  (citations omitted) Professor Wigmore explains:
>> [W]hen [the privilege holder's] conduct touches a certain point of disclosure, fairness requires that his privilege shall cease whether he intended that result or not.  He cannot be allowed, after disclosing as much as he pleases, to withhold the remainder.  He may elect to withhold or disclose, but after a certain point his election must remain final.  (Citations omitted)
> Appellees contend that the Fund cannot be found to have waived its attorney-client privilege because it did not intend waiver when it made the disclosure.  It argues that waiver must be express to be effective, and that waiver cannot result from inadvertent disclosure.

> We are not persuaded by this argument....

*Weil v. Investment/Indicators, Research & Management*, 647 F.2d 18, 24 (9th Cir. 1981).

In *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992), the Ninth Circuit (1) limited the breadth of subject matter privilege to the matters

**MEMORANDUM  DECISION AND ORDER** – 11

actually disclosed (rather than general questions) and (2) found a waiver of subject matter only when attorney client communications were used as both a sword and a shield.

## B.

## WORK  PRODUCT  DOCTRINE

Rule 26(b)(3) of the Federal Rules of Civil Procedure outlines the federal work product doctrine.  It states, in pertinent part:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable ... and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.  In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation....

Fed. R. Civ. P. 26(b)(3).

The work-product doctrine is therefore codified into federal law, governed by federal law, and is not a privilege.  Instead, the doctrine is a qualified immunity,

protecting documents and things from discovery. *Admiral Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir. 1989). As Rule 26(b)(3) indicates, to qualify for protection against discovery under this rule, documents must have two characteristics: (1) they must "be prepared in anticipation of litigation or for trial," and (2) they must be prepared "by or for another party or by or for that other party's representative." *In re California Public Utilities Com'n*, 892 F.2d 778, 780-81 (9th Cir. 1989). Further, Ninth Circuit precedent outlines that the "document should be deemed prepared 'in anticipation of litigation' and thus eligible for work product protection under Rule 26(b)(3) if 'in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation.'" *In re Grand Jury Subpoena*, 357 F.3d 900, 907 (9th Cir. 2004) *quoting* 8 Federal Practice and Procedure § 2024 (2d ed. 1994).

## C.

Given the above law, the Court grants and denies the Motion to Determine Privilege and to Compel Production and denies the Motion to Compel Return of Inadvertently Produced Documents. In the following subparagraphs of paragraph C, the Court has attempted to set out its decision as to particular issues in each paragraph. However, the Court understands that these decisions as to discovery

**MEMORANDUM  DECISION AND ORDER** – 13

issues are interrelated to each other.  Therefore, all paragraphs should be read in conjunction with each other.

1.    Communication between non-attorneys

Except as limited by the work product doctrine discussed in subparagraph C(6), the Sprint Defendants will produce all requested discovery of documents between non-attorneys.  The Sprint Defendants may redact the portions of those documents that directly relay attorney advice or give impressions based on or recollections of attorney advice for the purpose of informing others in a need-to-know position so they can implement that attorney's advice.

2.    Communications between non-attorneys, on which an attorney was copied

Except as limited by the work product doctrine discussed in subparagraph C(6), the Sprint Defendants will produce the requested documents falling into this category.

At this point, the Sprint Defendants have not met the burden of showing that such documents are protected by the attorney-client privilege.  Rule 502(b) requires that the documents be produced, unless they are made for the purpose of facilitating the rendition of professional legal service to the client.  As set forth above, the work-product doctrine requires that the document or things be created in anticipation of litigation or for trial.

**MEMORANDUM  DECISION AND ORDER** – 14

The mere copying of an in-house attorney with all documents does not meet these standards.  As Ninth Circuit precedent indicates, "That a person is a lawyer does not, *ipso facto*, make all communications with that person privileged.  The privilege applies only when legal advice is sought "from a professional legal advisor *in his capacity as such*."  *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996) *quoting* 8 Wigmore *Evidence* § 2292 at 554.

The Sprint Defendants may redact the portions of the requested documents that directly relay attorney advice or give impressions based on or recollections of attorney advice for the purpose of informing others in a need-to-know position so they can implement that attorney's advice.

3.      Direct communications with an attorney

Except as limited by the work product doctrine discussed in subparagraph C(6), the Sprint Defendants will produce these documents (that they withhold from production to TSN) to the Court for an in camera inspection and determination whether they must be produced.  In making its determination, the Court was guided by Ninth Circuit precedent, which states:

> If a person hires a lawyer for advice, there is a rebuttable presumption that the lawyer is hired "as such" to give "legal advice," whether the subject of the advice is criminal or civil, business, tort, domestic relations, or anything else.  But the presumption is rebutted when the facts show that the lawyer was "employed without reference to his

**MEMORANDUM  DECISION AND ORDER** – 15

knowledge and discretion in the law"

*United States v. Chen*, 99 F.3d at 1501.

4.   Deposition of Chris Schneider

The Court denies TSN the opportunity to take the deposition of Chris Schneider.  TSN argues that it should be allowed to depose in-house counsel Chris Schneider, because employee Nancy Salisbury put Schneider's advice at issue during her deposition. Based on this record, the Court finds that Salisbury's testimony did not invoke the advice of counsel defense or otherwise put Schneider's advice at issue in a way that requires a further waiver of the attorney-client privilege.  *See e.g., Motley v. Marathon Oil Co.*, 71 F.3d 1547 (10th Cir. 1995) (no waiver in face of interrogatory answers relying on advice of counsel where there was no evidence that defendant was relying on advice of counsel for termination of plaintiff); *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, 32 F.3d 851 (3d Cir. 1994) (no waiver where party did not expressly put advice at issue through claim or affirmative defense).

5.   Amy Cline memorandum

The Court has previously concluded that Sprint voluntarily waived its attorney-client privilege regarding the Amy Cline memorandum.  TSN may therefore depose

**MEMORANDUM  DECISION AND ORDER – 16**

Ms. Cline concerning the memorandum and her understanding of the issues therein.

However, as to the issue of subject matter waiver by the disclosure of the Cline memorandum, the Court is guided by the Ninth Circuit:

> [W]hen [the privilege holder's] conduct touches a certain point of disclosure, fairness requires that his privilege shall cease whether he intended that result or not.  He cannot be allowed, after disclosing as much as he pleases, to withhold the remainder.  He may elect to withhold or disclose, but after a certain point his election must remain final.

*Weil*, 647 F.2d at 24.  Further, the disclosure must not be used as both a sword and a shield.  *Chevron Corp.*, 974 F.2d at 1162.

Therefore, at this point, the Court finds that the record would not justify a finding of subject matter waiver.  The record does not support a finding that Sprint disclosed the Cline Memorandum as a litigation tactic.  Further, there is no evidence that the Sprint Defendants have used the privilege as a shield and as a sword.  Therefore, the Court holds that the Sprint Defendants have not made a subject matter waiver in disclosing the Cline memorandum.

Sprint argues that it was not a party to the litigation when the Court determined that Judkins intentionally disclosed the Cline Memo and that, as a result, the waiver is not effective.  This argument fails.  The waiver occurred when Judkins provided the Cline Memo to TSN.  (05-138, Doc. No. 29 at 18) ("Under Idaho law, the holder

**MEMORANDUM  DECISION AND ORDER** – 17

of privileged information waives that privilege when it 'voluntarily discloses or consents to disclosure of any significant part of the matter or communication.'") (Citing Idaho R. of Evid. 510).  The Court finds no authority now presented by Sprint (while a party to this consolidated action) for the Court to reconsider the basis for its prior decision.

6.    <u>Work Product Doctrine</u>

Counsel for the Sprint Defendants stipulated, at the August 13, 2007 hearing, that the Sprint Defendants reasonably anticipated litigation in this matter by October 15, 2004.  Without further evidence regarding this issue, the Court has no reason to doubt such stipulation.  Therefore, not withstanding the above orders, the Sprint Defendants shall not produce any documents meeting the two characteristics necessary for work product prepared after October 15, 2004, without a further showing by TSN in conformity with Rule 26(b)(3).

It is clear that all documents prepared by or for attorneys for the Sprint Defendants are within the qualified immunity given to work product, so long as they were prepared by October 15, 2004.  This is consistent both with the purpose of Rule 26(b)(3) and *Weil*, *supra*.  The Court also finds, in reading the rule as now written, that work product immunity is extended to documents prepared by the Sprint Defendants and/or their agents.

**MEMORANDUM  DECISION AND ORDER** – **18**

7.    Inadvertently produced documents

The Court finds that the documents already produced by the Sprint Defendants to TSN are not inadvertently produced documents.  Applying the five-factor approach (already adopted by this Court as Idaho law), the Court finds that these documents were not inadvertently produced.

The Court has reviewed the record regarding how these documents were produced by the Sprint Defendants.  The Court finds that the precautions were reasonable to prevent the disclosure.

However, the Court finds that the amount of time taken to remedy the error was unreasonable.  The parties exchanged privilege logs on July 13, 2006, therefore indicating to the Court that the Sprint Defendants had produced the documents now questioned in this Motion prior to July 2006.  On or about January 20, 2007, the Sprint Defendants learned from TSN that TSN had received allegedly privileged information in prior productions of documents from the Sprint Defendants.  However, the record shows that the Sprint Defendants took no action in this Court to secure the return of the documents until April 2007, filing its Opposition to Plaintiff's Motion to Determine Privilege and to Compel Production of Documents and Depositions and Motion to Compel Return of Inadvertently Produced Documents.

The Court understands that a review by an attorney of each and every

**MEMORANDUM  DECISION AND ORDER – 19**

document before production would require extended time and increased costs for discovery. However, the Court finds it unreasonable for attorneys not to review each and every document produced as soon as possible and to request the return of inadvertently produced documents in a reasonable time period. That did not happen here. Instead, the Sprint Defendants failed to seek the Court's assistance for the return of the documents until after TSN had sought Court assistance to keep them.

The Sprint Defendants produced voluminous discovery (allegedly over 481,000 images) in this case. However, these alleged inadvertently disclosed documents have been produced (sometimes more than one time) previously and, in some instances, at depositions and with other filings before the Court.

Because the attorney client privilege impedes full and free discovery of the truth, it should be strictly construed. *Weil*, 647 F.2d at 24. The information has been produced and reviewed by TSN for some time. Fairness would not require its return to the Sprint Defendants.

As to the applicability of a subject matter waiver by the Sprint Defendants in producing these documents, the Court does not find, on the present record, any subject matter waiver. The Court finds nothing in this record which would satisfy the requirements of *Weil* or *Chevron*.

The Sprint Defendants claim that the privilege was not waived here, because

**MEMORANDUM  DECISION AND ORDER – 20**

the attorneys (not the client) disclosed these documents, citing *State v. Iwakiri*, 106 Idaho 618, 682 P.2d 571 (1984).  Upon review of *Iwakiri*, the Court finds it is not applicable here, instead discussing whether a party's attorneys (from different law firms) can discuss that party's situation with each other (at his direction) without waiving the privilege.  Rule 34 of the Federal Rules of Civil Procedure requires that the party (not the attorney) serve a written response to the request for production of documents.  Here, the party requested that his agent to respond for it.  Therefore, if the privilege is waived by the response, the party waived it.

8.    Judkin's Ethics Complaint and Related Correspondence

Given the stipulation at the hearing by the Sprint Defendants regarding this issue and the above orders, the Court orders that this information be produced.

9.    Other Confidential Information

Sprint has objected to some of TSN's discovery on the basis of confidentiality. TSN argues that this objection is inappropriate given the existence of a stipulated protective order in this case.  (04-561, Docket No. 108.)  The Court agrees.  Sprint shall provide TSN with copies of the materials that it has withheld on the basis of confidentiality.  There is nothing in this record to evidence why the protective order is inadequate to satisfy concerns about confidentiality.  Consequently, Sprint's objections must be overruled.

**MEMORANDUM  DECISION AND ORDER – 21**

### III.  Docket No. 172

The Sprint Defendants here seek a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for relief from the scope of the Rule 30(b)(6) deposition notices served by TSN.  Pursuant to the Court's order from the bench on August 13, 2007, the parties shall meet and confer on or before August 27, 2007 in an attempt resolve their dispute.  The Court found that the manner and procedure, in which the parties resolved their prior dispute regarding Rule 30(b)(6) deposition notices to TSN, was particularly insightful and helpful to the resolution of these matters.  The Court therefore urged the parties to adopt a similar procedure in resolving this problem.  If the parties cannot resolve this issue informally, the Sprint Defendants shall file a renewed motion for protective order.

### IV.  Docket No. 173

The Plaintiff filed Plaintiff's Motion for Enlargement of Time to Complete Fact Discovery Related to Pending Motions and Appeal.  Prior to the August 13, 2007 hearing, the Court had reviewed the Plaintiff's Motion, the Defendants' Response, and the Plaintiff's Reply.  The Court granted the Motion at the August 13, 2007 hearing.

Under the Court's Scheduling Order, the deadline to complete discovery

**MEMORANDUM  DECISION AND ORDER** – 22

was April 4, 2007.  Given the Court's orders at the August 13, 2007 hearing and this Order, the Court finds that the parties should be allowed further time for discovery.

Consistent with that decision, the Court hereby resets the discovery deadline for fact discovery for all parties until June 30, 2008.  At that point, absent a showing of good cause for further enlargement of deadlines, the discovery period will close as to fact discovery.

## V.  Docket No. 192

Sprint moved for a stay of discovery or, in the alternative, a protective order from the continuation of the deposition of Deborah Neal pending resolution of its appeal to the Ninth Circuit.  The Court denies this motion.  It is moot, given that the parties agree there is no pending notice of the deposition.  Any attempt, however, to continue with the deposition of Ms. Neal is conditioned on the Court's permission to do so.

## VI.  Docket No. 245

The Plaintiff has filed a Motion to File a Sur-Reply in Opposition to the motion for summary judgment (filed by the Sprint Defendants).  Such Motion was

granted at the August 13, 2007 hearing.  The filings attached to the motion shall

be deemed filed.  The Sprint Defendants shall have until August 31, 2007 to

submit a reply to those filings.  The Court granted this motion in order to get all of

the information in the record that either party wanted submit for the summary

judgment motions.  However, the Court finds that its decision here should give all

parties notice that it is not inclined to view motions for reconsideration with favor.

### ORDER

In accordance with the foregoing, IT IS HEREBY ORDERED:

1.      The Motion for Certification for Appeal Pursuant to 28 § 1292(b)  (Docket

No. 156), filed by Sprint Communications Company L.P. is DENIED;

2.      The Plaintiff's Motion to Determine Privilege and to Compel Production of

Documents and Depositions (Docket No. 160), filed by Truckstop.Net,

L.L.C., is GRANTED IN PART and DENIED IN PART as specified above;

3.      The Motion for Protective Order Re: Plaintiff TSN's Rule 30(b)(6)

Deposition Notices to Sprint (Docket No. 172), filed by Sprint

Communications L.P. and Sprint Corporation, is MOOT;

4.      The Plaintiff's Motion for Enlargement of Time to Complete Fact Discovery

Related to Pending Motions and Appeal (Docket No. 173), filed by

Truckstop.Net, L.L.C., is GRANTED as specified above;

**MEMORANDUM  DECISION AND ORDER** – 24

5.    The Motion to Compel Return of Inadvertently Produced Documents (Docket No. 175), filed by Sprint Communications L.P. and Sprint Corporation, is DENIED;

6.    The Defendant's Motion for Stay or Protective Order Regarding Neal's Continued Deposition (Docket No. 192), filed by Sprint Communications L.P., is DENIED as specified above;

7.    The Motion to File a Sur-Reply in Opposition to Sprint's Motion for Summary Judgment (Docket No. 245), filed by Truckstop.Net, L.L.C., is GRANTED as specified above;

8.    The Sprint Defendants shall be allowed until October 5, 2007 to (1) produce the documents here ordered produced to the Plaintiff and/or the Court and (2) compile another privilege log, pursuant to Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure, as to documents not produced in accordance with this Order.

DATED:  **August 29, 2007**

_____
Honorable N. Randy Smith
Ninth Circuit Court of Appeals Judge

**MEMORANDUM  DECISION AND ORDER** – 25