IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TRUCKSTOP.NET, L.L.C., | ) | Civ. No. 04-0561-S-BLW |
| | ) | (Lead Case) |
| | ) | Consolidated with |
| Plaintiff | ) | Civ. No. 05-0138-S-BLW |
| | ) | |
| | ) | MEMORANDUM DECISION |
| v. | ) | AND ORDER |
| | ) | |
| SPRINT COMMUNICATIONS COMPANY, L.P., | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

The Court has before it a motion to reconsider filed by Sprint. The Court has fully considered the motion, and will deny it for the reasons expressed below.

## STANDARD OF REVIEW

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) error must be corrected; and (2) judicial efficiency demands forward progress. The former principle has led courts to hold that a

denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.*, 591 F.2d 74, 79-80 (9th Cir. 1979). While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone. Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must be balanced with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Louen v Twedt*, 2007 WL 915226

**Memorandum Decision & Order – page 2**

(E.D.Cal. March 26, 2007). If the motion to reconsider does not fall within one of these three categories, it must be denied.

## ANALYSIS

Sprint's motion does not fall within any of those three categories. Sprint's arguments regarding TSN's judicial admissions were fully considered in the Court's earlier decision and cannot form the basis for a reconsideration. The Court similarly finds Sprint's estoppel and ratification arguments to be without merit.

With regard to Sprint's arguments on the ambiguity issue, the Court rejects Sprint's premise that the Court's finding was based on Moscrip's confusion. Sprint has no dispute with the Court's finding that incorporation must be clear and unequivocal. Sprint argues that "contrary to the Court's conclusion in its recent Order, those terms do have a commonly understood legal meaning in the telecommunications industry." *See Sprint Brief* at p. 13. Sprint asserts that the testimony of its attorney establishes that the use of legal terms in the Agreement was clear to all those who understand the definitions contained in the Federal Communications Act (FCA). Sprint does not cite, however, any provision of the incorporation language that mentions the FCA, incorporates by reference the definitions contained in the FCA, or alerts other parties to the definitions of these

**Memorandum Decision & Order – page 3**

terms. As the Court explained in its earlier decision, incorporation must be clear and unequivocal. Sprint drafted the Agreement and could have made the incorporation clear enough that it could be resolved as a matter of law. It failed to do so, and the Court therefore refuses to reconsider its earlier ruling.

## ORDER

In accord with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reconsider (docket no. 283) is DENIED.



DATED: **February 20, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge