IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TRUCKSTOP.NET, L.L.C., | ) | Case No. CV-04-561-S-BLW |
| | ) | (Lead Case) |
| Plaintiff, | ) | Consolidated with |
| | ) | CV-05-138-S-BLW |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| SPRINT COMMUNICATIONS | ) | **AND ORDER** |
| COMPANY, L.P., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it Sprint's motion to compel and motion for protective order. The motions are fully briefed and at issue. For the reasons expressed below, the Court will grant the motion to compel, finding that plaintiff TSN waived its right to assert the attorney/client privilege as to the documents at issue, and will deny the motion for protective order.

## ANALYSIS

On March 27, 2007, counsel in this case were engaged in the depositions of persons associated with Loeb Investors Co. and Loeb Holding Corp., entities that were described by defendant Sprint as having been investors or members of

**Memorandum Decision and Order – Page 1**

plaintiff TSN.

The Loeb third-parties brought with them six banker boxes of documents in response to the deposition subpoenas and notices duces tecum.  All counsel reached an agreement on March 27, 2007, that TSN's counsel would review the documents for attorney/client privilege and then produce the documents (and a privilege log for retained documents) within a week.

TSN did not produce the documents by that deadline.  Over the next several months, Sprint made repeated requests for the Loeb documents, getting either no response or a promise to respond soon.

TSN did not produce any of the Loeb documents until September 28, 2007, and did not provide a privilege log until October, 2007.  In its motion, Sprint seeks a finding that TSN, by waiting over six months to file its privilege log, waived any privilege and hence should immediately produce those documents.

In support of its motion, Sprint points back to a decision in this case finding that Sprint waived the privilege when it waited about four months to seek the return of privileged documents inadvertently produced to TSN.  However, the legal analysis governing inadvertent disclosure is somewhat different from that governing the late production of a privilege log, the issue here.

**Memorandum Decision and Order – Page 2**

Whether the privilege is waived by a delay in producing a privilege log is governed by *Burlington Northern v. United States District Court*, 408 F.3d 1142 (9th Cir. 2005). That case began by noting that Rule 32(b)(2)(A) sets a general 30-day deadline for answers to requests for production. Here, TSN's counsel had promised a privilege log within a week, but even if he failed to produce it within 30 days, *Burlington Northern* rejects a *per se* rule that would find waiver whenever the Rule is violated. Instead, the case adopted a balancing test, requiring the Court to

> make a case-by-case determination, taking into account the following factors: the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard. These factors should be applied in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process. They should not be applied as a mechanistic determination of whether the information is provided in a particular format. Finally, the application of these factors shall be subject to any applicable local rules, agreements or stipulations among the litigants, and discovery or protective orders.

**Memorandum Decision and Order – Page 3**

*Id.* In applying these standards to the facts, *Burlington Northern* affirmed a finding of waiver, noting that the offending party delayed five months in producing a privilege log, and holding that "[i]n the absence of mitigating factors, this fact alone would immunize the district court's ruling from reversal." *Id*. at 1149. In the present case, TSN waited even longer – almost seven months – and makes no claim that the delay was driven by the complexity of the case or the immensity of material to be reviewed.

Instead, TSN claims that the delay was less egregious than it might appear because TSN had allowed Sprint to review the documents at the Loeb depositions before TSN took them away to review for privilege. Counsel had agreed at those depositions that this viewing would not waive the privilege.

Such a viewing might, under the right circumstances, make a delay less offensive. It would depend on the answers to a number of questions: How long did Sprint have to review the documents? Was that sufficient given the amount of documents? Was the location and setting of the review conducive to a comprehensive examination by Sprint's counsel?

While it is TSN's burden to provide a record that could answer these questions, the present record does not do so. As best the Court can piece together, Sprint's counsel had some limited time during a single day to review six banker

**Memorandum Decision and Order – Page 4**

boxes of documents while he was also engaged in a deposition. TSN's counsel captured the setting when he expressed doubt that Sprint's counsel actually reviewed the documents because "he was doing his own outline and preparing for the deposition." *See Transcript* at p. 84, ll. 10-12.

An opportunity for a quick peek cannot ameliorate the effects of a delay lasting nearly seven months. Examining all the factors in *Burlington Northern*, the Court finds that TSN waived the privilege. Accordingly, the Court will grant Sprint's motion to compel.

With regard to Sprint's motion for protective order, the Court finds that Judge Smith's order broadly allowed discovery not limited to certain narrow issues. The Court further finds that the deposition of Sheppard-Harden is reasonably calculated to lead to the discovery of admissible evidence and hence should proceed forward.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to compel (Docket No. 258) is GRANTED, and that plaintiffs shall immediately produce to defendant Sprint the Loeb documents TSN labeled as privileged.

IT IS FURTHER ORDERED, that the motion for protective order (Docket No. 289) is DENIED.

DATED: **June 6, 2008**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 6**