IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRUCKSTOP.NET, L.L.C., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SPRINT COMMUNICATIONS )<br>COMPANY, L.P., )<br>)<br>Defendant. )<br>_____) | Case No. CV-04-561-S-BLW<br><br>**AMENDED ORDER<br>SETTING TRIAL AND<br>PRETRIAL CONFERENCE** |

The Court has before it Defendant's Motion to Continue (Docket No. 305). The Court finds good cause to grant the motion. Accordingly, the Court issues the following order:

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Continue (Docket No. 305), shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that the following deadlines and procedures shall govern the remainder of this litigation from this point forward:

1. <u>Trial Date</u>: A two-week bench trial shall be set for April 5, 2010, at 8:30 a.m. in the James A. McClure Federal Building and U.S. Courthouse in Boise, Idaho.

Order - 1

2. <u>Pretrial Date</u>: An in-person pretrial conference shall be held on March 19, 2010, at 1:30 p.m. in Boise, Idaho. The purpose of the conference is to discuss and resolve (1) the legal issues remaining in the case; (2) evidentiary issues; (3) trial logistics; and (4) any other matter pertaining to the trial. Not less than twenty days prior to the date of the pretrial conference, the parties shall communicate and reach agreement on as many items as possible. The parties shall be prepared to discuss with the Court those items over which counsel disagrees.

3. <u>Witness Lists</u>: The parties shall exchange witness lists on or before March 5, 2010. The witness lists shall contain the material listed in Federal Rules of Civil Procedure 26(a)(3)(A)&(B), and shall include a full summary, not just the subject, of the witnesses' expected testimony.

4. <u>Exhibit Lists, Exhibits, Proposed Voir Dire, Proposed Jury Instructions, Trial Briefs and Motions in Limine</u>: All exhibit lists, proposed voir dire, proposed jury instructions, trial briefs, and motions in limine shall be filed with the Court on or before March 5, 2010. On the same date the parties shall exchange all trial exhibits, but shall not provide them to the Court until the day of trial. Counsel shall only provide the Court with a set of original pre-marked exhibits. Because of the use of electronic evidence presentation

systems, it is unnecessary to provide any copies. Counsel may wish to have available in the courtroom a copy of any exhibits which the Court may find difficult to review through the evidence presentation system. The exhibit lists shall follow the guidelines set out in Local Rule 16.1(f) to the extent it is not inconsistent with this Order. The exhibit lists shall be prepared on form provided by the Deputy Clerk, with sufficient copies for the Judge, the Deputy Clerk, and the Law Clerk. Exhibit numbers 1 through 999 shall be reserved for joint exhibits; exhibit numbers 1000 through 1999 shall be reserved for plaintiff's exhibits; exhibit numbers 2000 through 2999 shall be reserved for the first defendant listed on the caption; exhibit numbers 3000 through 3999 shall be reserved for the second defendant listed on the caption; and so on. Counsel shall review their exhibits, determine any duplication, and jointly mark and stipulate to the admission of those exhibits that both sides intend to offer and rely upon. The proposed jury instructions shall follow the guidelines set out in Local Rule 51.1 to the extent it is not inconsistent with this Order. Additionally, counsel shall provide a clean copy of the Jury Instructions to the Court in Word Perfect format and emailed to BLW_orders@id.uscourts.gov

5.

**Order - 3**

6. <u>Settlement/Mediation Deadline</u>: The parties agree that they shall notify the Court on or before February 19, 2010 that the case has either settled or will definitely go to trial.

7. <u>Trial Procedures</u>:

    a. The Court will generally control voir dire, and counsel will be limited to 20-30 minutes. Counsel are cautioned not to repeat questions already asked by the Court or other counsel and are advised that the Court will not permit voir dire which appears intended to influence the jury rather than explore appropriate concerns with a juror's ability to be fair and impartial.

    b. Counsel shall exercise good faith in attempting to reach a stipulation on undisputed facts and admission of exhibits.

    c. The trial will run between 8:30 a.m and 2:30 p.m. each day, except for two standard fifteen minute morning and afternoon recesses.

    d. Counsel shall have enough witnesses ready to ensure a full day of testimony. If witnesses are unavoidably delayed, counsel shall

promptly notify the court and opposing counsel.

DATED: **December 18, 2009**



B. LYNN WINMILL
Chief Judge
United States District Court

Order - 5