IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TRUCKSTOP.NET, L.L.C., | ) | |
| | ) | Case No. CV-04-561-S-BLW |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| SPRINT COMMUNICATIONS COMPANY, L.P., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The Court has before it Plaintiff's Objection to Sprint's Deposition Designations In Lieu Of Cross-Designations (Docket No. 325). TSN seeks to prevent Sprint from both using deposition testimony of its current and former employees, and calling them, or reserving the right to call them, as live witnesses at trial.

A party may use for any purpose the deposition of an "unavailable witness." Fed. R. Civ. P. 32(a)(4). Moreover, the use of deposition testimony at trial under Rule 32(a)(4) is a recognized exception to the hearsay rule. *Nationwide Life Ins.*

**Order - 1**

*Co. v. Richards*, 541 F.3d 903, 913 (9th Cir. 2008).  Thus, if testimony of an unavailable witness is properly admitted under Rule 32(a)(4), it need not also meet the requirements for admissibility under Rule 804(b).  *Id*.  However, except for impeachment purposes, a party cannot introduce deposition testimony of a witness who will be present and give live testimony at trial.  *Mazloum v. D.C. Metro. Police Dep't*, 248 F.R.D. 725, 727 (D.D.C. 2008).

At this point, the Court does not have sufficient information or reason to strike Sprint's deposition designations.  Although TSN suggests Sprint may have procured the absence of one witness, the Court is unable to reach that conclusion based on the evidence before it.  Moreover, this information does nothing with respect to the additional witnesses for which Sprint designated depositions.

However, there is some apparent duplication in Sprint's deposition designations and its list of live witnesses.  Thus, it appears Sprint intends to designate deposition transcripts for some witnesses, and still call them as live witnesses, or at least reserve the right to call them live.  As the Court understands TSN's argument, TSN wants Sprint to do one or the other – either designate the witnesses as unavailable under Rule 32(a)(4) and rely on their deposition designations, or list them as live witnesses and withdraw their deposition designations.

As explained above, except for impeachment purposes, a party cannot introduce deposition testimony of a witness who will be present and give live testimony at trial. *Mazloum*, 248 F.R.D. at 727. Moreover, there is no rule or case law suggesting that a witness can be considered "unavailable" under Rule 32(a)(4) for part of the trial, but available or potentially available for another part of the trial. Accordingly, the Court will order Sprint to either designate the witnesses as unavailable under Rule 32(a)(4), designate their deposition transcripts, and remove them from Sprint's live witness list, or withdraw their deposition designations. If Sprint chooses the former, the unavailable witnesses will not be allowed to testify at any point during the trial.

Finally, TSN seems to be asking the Court to go a step further by ordering Sprint to make witnesses available for TSN's case in chief. The Court has found no authority to go that far. However, it seems theoretically possible under the rules that Sprint could choose not to designate a witness as unavailable, not designate or counter-designate her deposition excerpts, but also choose not to do what it can to make the witness available for TSN's case in chief. TSN would then be left with no choice but to designate the witness' deposition excerpts, although unrebutted by cross-designations, in its case in chief. For whatever reason, Sprint may then be able to produce the witness as a live witness during its case in chief, even without a

Order - 3

subpoena.

The Court is not suggesting that Sprint has contemplated this process. However, since it is a possibility, the Court feels it appropriate to suggest, as it did during the pretrial conference, that such a process would be inefficient and a waste of time. The Court strongly recommends that in addition to designating which witnesses are unavailable pursuant to Rule 32(a)(4), Sprint also make it known which witnesses will be available in person for both parties if that is known to Sprint at this point. This would be consistent with the spirit of the Court's earlier orders.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Objection to Sprint's Deposition Designations In Lieu Of Cross-Designations (Docket No. 325) shall be, and the same is hereby, GRANTED. Within 24 hours of the date of this Order, Sprint shall notify TSN and the Court as to which of the witnesses who are currently on both the deposition designation list and the live witness list it considers "unavailable" pursuant to Rule 32(a)(4). TSN shall then file its designations and/or cross-designations and objections to these witnesses within 24 hours of receiving notice from TSN. These witnesses will not testify live at trial.



DATED: **March 23, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Order - 5**